No. 476       May 29, 2025       787

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. W.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

D. W.,
*Appellant.*

Lane County Circuit Court
24CC04237; A185006

R. Curtis Conover, Judge.

Submitted April 29, 2025.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Appellant challenges an order committing her to the custody of the Oregon Health Authority for 180 days. *See* ORS 426.130(1)(a)(C) (authorizing the commitment of a "person with mental illness"). On appeal, she argues that the evidence at the hearing does not support the finding that her mental illness renders her dangerous to herself. *See* ORS 426.005(1)(f)(A) (a person has a "mental illness" if they are dangerous to self or others because of a mental disorder). Viewed in the light most favorable to the trial court's disposition, the record contains evidence to support the trial court's factual findings and the ultimate conclusion that appellant presents a danger to herself. *See State v. M. J. F.*, 306 Or App 544, 545, 473 P3d 1141 (2020) (providing standard of review). Specifically, appellant expressed suicidal ideations in the months leading up to her commitment and attempted to purchase a gun for the purposes of taking her own life approximately one month before the hearing. She told her provider that she would not share specifics as to her suicidal ideations because she did not want to be hospitalized and stated that, if she was hospitalized, "I'll tell them I'm fine so I can get out and go do it." Over the following weeks, appellant followed through with that plan: She was admitted to the hospital for expressing suicidal ideations, released because she did not express a concrete plan, and then attempted suicide through insulin overdose. That evidence was sufficient to permit the trial court to conclude that it is highly probable that appellant presents a non-speculative risk of harm to herself. *See id.* at 547 ("A present threat to commit suicide, coupled with a recent attempt to enact that threat through overt action, can be sufficient to demonstrate that the person's mental disorder has resulted in 'harm' sufficient to constitute a danger to self.").

Affirmed.